Good morning. May it please the court, I'm James Laughlin on behalf of the appellant Kil Jin Lee. With the court's permission, I'd like to reserve two minutes of my time for rebuttal. The district court plainly erred when it entered judgment and sentences on three sets of multiplicitous counts for trafficking and smuggling the same goods. Can you pull the microphone closer to you? I'm having a little trouble hearing you. I'm sorry. The district court plainly erred when it entered judgment and sentences on three sets of multiplicitous counts for trafficking and smuggling the same goods. The two relevant legal principles are clearly established and undisputed. First, although the government may charge and obtain verdicts on multiplicitous counts at trial, a sentencing judge cannot enter convictions and sentences on all of the multiplicitous counts because doing so which says that if one crime is a lesser included offense of the other, meaning that the first crimes elements are a subset of the second crimes elements, then it's multiplicitous. In other words, it's the same for double jeopardy purposes. But do the two counts here violate the Blockberger test? Yes. In what way? Because I think the Blockberger, like Schmuck, asks us to focus on the text of the statute. Is that correct? Correct, Your Honor. And then so what elements, I guess, if you could walk me through it, do you think or do you think they're all the same? I'm trying to figure out because if one is different then it doesn't fulfill the Blockberger test. Well, not that one is different. Each one has to have an element that the other one doesn't. So if one is a subset of the other, that's the same for double jeopardy purposes. So I will try to explain. I think it hinges on 545, the smuggling charge, because the smuggling statute prohibits knowingly importing merchandise contrary to law. It therefore requires an underlying statutory violation. In other words, to prove that count, the government has to prove all of the elements of the underlying statutory violation plus two additional elements. The defendant knowingly imported the goods and that he knew so, that he did so knowing that it violated the underlying statutory crime. So whereas here, the underlying statutory offense is itself a crime, it becomes de facto, by definition, a lesser included offense of the greater crime, 545, which incorporates all of its elements. And I think that that's where the plain error is. It's in the plain language. The application. It's in the application of the plain text of 545. In a case where as here, the government chooses to allege the same crime as both the underlying charge supporting the 545 count and also as a separate substantive account. Again, they can charge it that way and they can get convictions, but they can't get two sentences. So would there still be double jeopardy if smuggling hadn't treated the crime as a subset? Because as you see, the jury instructions said in order for you to find the defendant to the jury, when it was talking to the jury, the judge ended up saying for you to find the defendant guilty of smuggling. It stated the elements of smuggling, but then it included, and then you also have to find the conviction of the trafficking offense. Is that correct? Correct. Which is consistent with the way the indictment is framed as well. Correct. But if it hadn't have said that, would it have violated the Blockberger test and the double jeopardy? If I understand your honor correctly, that if, for example, they had chosen some other statutory violation for the 545 counts and then brought the... Well, if they hadn't included it into that and incorporated it into the 545. Right. Then if they had to incorporate something, your honor. So if whatever they incorporated into that, they also charged a separate crime, that's always going to be a lesser included offense. If they had chosen in this case, for example, to choose some other statutory violation to support the 545 counts and separately charge the trafficking counts, then we wouldn't have this argument because there wouldn't be a that the indictment and the jury instructions, and quite frankly, the government's argument to the jury, all said that the crime that underlies the smuggling charge is the corresponding trafficking charge. And I would point to the court's opinion in Shales, which was a plain error case, and they did something, the court did something very similar. It looked at the statutes and said, well, one statute has the subset of the elements of the other, and then the government made the argument, well, we think that there's a factual distinction about what the basis for the crime was because the jury could have convicted for some other theory. And what they did is, and what I asked the court to do in the reply brief is they started by comparing the indictment and they said, well, the indictment, these two counts look like they're based on the same act. They looked at the jury instructions, which were somewhat similar to this in the sense that they did not suggest to the jury that they had to base things on the same act, and they also made some note to the government's argument. And I would point out here that the government's argument at page 35 of the excerpts of record, you know, after they've talked about the trafficking counts and it's time to turn to the smuggling counts, when they talk about element two, they say defendant's importation in bringing was in violation of section 2320. That's the trafficking goods. That's everything I just talked about. And then two pages later, when they come around again to the second element, defendant's importation or bringing in was in violation of section 2322, trafficking counterfeit goods. I've already talked about that. So even the government's argument of the jury is premised on the idea that the smuggling charge is based on the corresponding trafficking charge. Assuming you're correct, what's the remedy here? The remedy is the same thing that the court has done in Zalapa, Shales, and other cases, which is ultimately the extra convictions and the corresponding sentences, including the special assessments, have to be vacated. As I pointed out in the reply brief and the government conceded, that's something, this is such a simple error to correct, the court can do it itself. It can say, we are going to strike the trafficking convictions and we will affirm. The trafficking, you would strike the trafficking and not the smuggling? I said trafficking because that was a lesser included offense. And it made sense to me that the greater offense should stand. I think the government misrepresented in its brief thought that I was asking for the smuggling charges to go. I don't think it makes that much of a difference as long as one set of the charges go, but as I said, unless the government has a reason why they want the smuggling charges to go, I would suggest that getting rid of the trafficking charges are the correct approach. And we're looking at this under plain error, are we not? Yes. And so do you think it violates the plain error review? Yes, I do. Yes, I do. I think that, again, the fundamental principles are beyond a doubt established, the Blockberger test, the idea that you can't enter judgments on multiplicitous counts. And so the only question is, are these multiplicitous counts? And applying the Blockberger test to 545 when it incorporates another statute, which is simultaneously charged as a substantive count, I think plainly violates this Blockberger test. And then you add on to that, the plain jury instructions, the plain language and the indictment show that they really are the same charge. Thank you very much. Good morning, and may it please the court, Ryan White for the United States. As the defendant acknowledges, the standard of review applicable to this appeal is plain error. And that's because despite extensive litigation below, including litigation to the very jury instructions that the defendant now complains about, not once     appeal, which is plain error. And that's because despite extensive litigation below, including litigation to either the government or to the district court. Can I ask you this? Yes. Why didn't you just concede error? What's the big deal? It can't be that you really want that $100, right, for each conviction. So I'm asking that in a serious way. I'm just sort of puzzled why we're here. This doesn't, I think he's already been released, right? So there's no, I just don't, I don't quite get why we're having a full-blown appeal here when it doesn't seem like there's anything lost to the government if you were to have conceded. Okay, sure. One set of the convictions can be vacated. Your Honor, I see your point, but I have two responses. First, we didn't concede because I believe legally we're correct. And I can explain that in a moment. Second, because what's at stake here is the sanctity of a jury verdict. And we don't take that lightly. After a trial, a four-day trial, the jury found the defendant guilty. And that's what we're here discussing today. You're going to remain guilty even if we rule against you here. I guess I just don't see it from a practical standpoint, anything turning on the outcome of the appeal from the government standpoint. Except for the sanctity of the jury verdict on the three trafficking counts. Mr. Laughlin stated, I think it was non-intentional, that the government misrepresented his brief. It didn't intentionally misrepresent that they were attempting to dismiss the smuggling counts. When I reread the briefs last night, he's correct. They're seeking to have the trafficking counts vacated. And if we are going to vacate one set, do you agree that that's the set we should vacate? It would be the trafficking. But I don't believe that you should do so, Your Honor. Okay, so let's hear what you have to say on that. Because I'm, you'd guess, I'm quite skeptical that you're right on this point. I guess that, Your Honor. I can see it. So as the court knows, under the plain error standard review, it's the defendant who bears the burden. And the first two prongs are that there is a purported error, and that error is clear or obvious. Here, as Mr. Laughlin correctly pointed out, the Blockberger test provides that counts are not multiplicitous so long as each requires proof of a fact that the other does not. Here, smuggling, 18 U.S.C. Section 545, requires proof of knowing importation. Trafficking, 18 U.S.C. Section 2320, can be proved by way of importation in the definition of traffic under 18 U.S.C. 2320F, but there are alternative means to prove trafficking. There are a host of them. The one that I highlighted in brief is possession with intent to transfer for pecuniary gain. But the jury instructions here, if the jury followed them at least, whatever means it found to convict on, I'm going to get the numbers mixed up because I keep getting the statutes reversed, but the trafficking counts, right, it's going to necessarily have used that same basis for convicting on the smuggling counts, no? I actually think that's not quite right. And it requires some really fine attention to the language and the indictment and the jury instructions, but I don't think that's quite right. Let's take, for example, because I know it can get a bit confusing with the three sets of counts, counts 1 and 2. They pertain to the counterfeit Viagra that Mr. Lee possessed in his golf bag, approximately 30,000 pills. Count 1 is 2320, trafficking. Count 2 is 545, smuggling. The indictment at ER 1 and 2, those are those two pages. The trafficking count stands alone. It basically says walks through the elements. Count 2, on page 2 of ER, the smuggling count stands alone as well. It does not say, contrary to law, as alleged in count 1. But isn't, in essence, that's what the jury was instructed? I don't believe that's actually correct, and I suppose you could read it a couple different ways, but what Judge Pregerson did in his jury instructions is he said to the jury, you should use the legal instructions given to you for 18 U.S.C. Section 2320. The jury instructions did not say, for purposes of the contrary to law element of smuggling, you must find that the defendant was guilty of the corresponding trafficking count. It said you must use the legal instructions given to you for 2320. And the legal instructions for 2320 at GER 467 define traffic. And the definition of traffic is import, alternative means, but import or possess with intent to transfer for pecuniary gain. But reading before that, it says, in order, what the judge instructed, in order for the defendant to be found guilty of the 545 smuggling, the government must prove each of the following elements beyond a reasonable doubt. It says, first, the defendant knowingly imported or brought pharmaceutical preparations for the treatment of sexual dysfunction to the United States. Second, the defendant's importation or bringing was in violation of 18 U.S.C. Section 2320, which is the trafficking. That's true, but it does not say that it must be the corresponding trafficking count. So I'll play this out for you. And I acknowledge that if we were not here on plain error review, I would not be making this argument. But because we're on plain error review, I believe that the clear, obvious standard governs. It is possible that the jury convicted the defendant, Mr. Lee, of count one, trafficking, based on a possession with intent to transfer for pecuniary gain theory. Then separately, as it was instructed that each count should be treated separately and the jury must be unanimous as to each count, on count two, it could have found Mr. Lee guilty of the various smuggling elements. And then when it got to the contrary to law provision that cross-references 2320, it could have found that for purposes of count two, he was guilty of 2320 based on an importation theory. Why in the world would we assume the jury did that? That makes no sense, does it? The reason you can assume that, and again, this is why I keep emphasizing the plain error standard of review here, is because there was substantial evidence of both. I acknowledge, as Mr. Laughlin stated, the government's primary theory of the case was one of importation, no doubt. But there was not only evidence of importation. We didn't just stop and present evidence to the jury that Mr. Lee attempted to cross the border with 40,000 pills in his golf bag, counterfeit pills. We then presented evidence of his statement that he intended to meet somebody at the airport, the value of the pills at over $800,000, the business card on his person and in his home in Korean that had Cialis and Levitra, both erectile dysfunction pills on them, additional pills hidden under a rug in his house and also hidden under that same rug, a label sheet. That's all fine, but I'm just saying the jury, no doubt, whatever theory it came up with for convicting on the 2320 count, of course it would have just relied on that and deliberated on the 545 count. There's no reason to think that they came up with some totally different theory of conviction once they got to the 545 count, is there? And I don't know for sure whether they did or didn't, and that's why I keep coming back to plain error review. Would you instruct this very same way again? No, I would not. Okay. Why not? I would not because there is a scenario, and I stated this in the brief and I'll state it again here, I'll concede where I believe I should, that if the defendant was convicted of trafficking 2320 on an importation theory and then convicted of 545 smuggling on an importation theory, trafficking would then be a lesser included offense and the counts would be multiplicitous. Therefore, if we were to do this again, now that my office is aware of this problem, a problem that is not recounted anywhere in the case law or in the statutory text, obviously or clearly, we would either specify in the jury instructions that the jury must find different theories for each count or we would have a special verdict form addressing it. But that's not, and that is the way we would do it again if we were to do it again. But that's not the position we're in here. The defendant has to show the clear, obvious error, and as Judge Merguia pointed out, from the text of the statute, it's not clearly clear or obvious. From the elements themselves, it's not clear or obvious. There's a way they're multiplicitous, but it's not necessarily the case, and the trial evidence was strong for both theories. Given that state of affairs, I believe defendant cannot meet prongs one or two and also cannot show that he was prejudiced, although this is somewhat. Are you saying he wasn't prejudiced? I believe he cannot show he was prejudiced because of the substantial evidence of both. If the court, this is where in this somewhat unique context where you have a statute that says contrary to law that incorporates another statute, we don't see that very often. The trial evidence here, which usually we look to for the prejudice prong, really almost informs the clear or obvious prong here. So there is some case law in the Ninth Circuit that says multiplicity is all about the statutory text. We don't look at the prejudice prong under plain error review, specifically the Zalapa case. But in this situation where the trial evidence helps inform the court as to whether or not the defendant was in fact convicted of multiplicitous counts because the statute doesn't say so, I believe that the court should look at the trial evidence to make its determination. I see I'm running out of time, so unless the court has additional questions, I'll submit. But regarding prejudice, special assessments, if we were to look at that, I know you don't think that there is, but there's also collateral consequences here, are there not? I am not, yes, Your Honor. I am not minimizing the collateral consequences, the $300 special assessment. I recognize this is not the biggest issue this court has ever dealt with, but they are important to the defendant. The Zalapa case says that, and I acknowledge that. But I believe the prejudice prong, as it sort of informs the clear obvious prong, is what I meant when I said he's not prejudiced. Thank you. Thank you very much. Thank you. Unless the court has questions, I just have one point that I want to make. Bless you, Your Honor. The government said something about that this case would have been literally gated differently if this case had been brought, if this issue had been brought up earlier, and I just want to stress what I point out in my reply brief. Multiplicity is not a trial issue. The trial, Zalapa makes clear that there's no obligation to raise multiplicity pretrial because the government can do exactly what it did. This is only a sentencing issue, and unfortunately, defense counsel didn't get up there and make a multiplicity objection at the time. That's why we're on plain error. But this is a sentencing issue, and as the court has recognized in Joseph and many other cases, there's really no reason not to correct plain sentencing errors when they occur because it's such an easy task, and that's what I would request the court to do. Thank you very much. Thank you very much. Thank you both for your helpful arguments. The case of United States v. Kil-Jung Lee is submitted.
judges: Murguia, Watford, Bolton